IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LYNCH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 08-4780 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                              **May 20, 2009**

      The Defendants – city, state, and judicial entities, three judges, and three police officers – move to dismiss John J. Lynch's Complaint under Federal Rule of Civil Procedure 12(b), arguing jurisdictional deficiencies are fatal to his claims. The Court finds Lynch has not stated a cognizable claim against any Defendant and will dismiss his Complaint.

**FACTS**[1]

      Lynch is a frequent *pro se* litigant whose disputes with the City of Philadelphia revolve around ticketing and towing of various vehicles, some of which he owns. Lynch has spent a decade litigating license and vehicle issues with the state and City authorities. Lynch filed this Complaint in three hand written parts, contesting the towing of three vehicles. With regard to the first vehicle, Lynch alleges three Philadelphia police officers, Quin, Melody, and Felice, called the Philadelphia Parking Authority on May 20, 2007 to remove a 1973 Ford F-350 tow truck from private property, then falsified a traffic citation and towing report to make it appear the Ford tow truck was found on a public highway. Nathaniel Williams owned the second vehicle towed, a 1990 Chevrolet Lumina.

---

[1]When the Court considers a Motion to Dismiss, the Court accepts all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Lynch. *Rocks v. City of Phila.,* 868 F.2d 644, 645 (3d Cir. 1989).

Lynch alleges he was arrested on June 19, 2007 while sitting in the parked Lumina and an unknown police officer had the car towed by the Philadelphia Parking Authority.  The third vehicle was a 1990 Chevrolet Geo towed on on October 15, 2007, again under a falsified traffic citation, according to Lynch.  Lynch does not allege registered ownership of the Geo.[2]

In addition to contesting the towing of the vehicles, Lynch alleges the Joint General Court Regulation 2001-02, known as "Live Stop," permitting the impounding and sale of vehicles, is unconstitutional.  Lynch sues the three Philadelphia police officers, the Philadelphia Parking Authority, the City of Philadelphia, the First Judicial District of Pennsylvania, the Hon. Frederica Massiah-Jackson, and the Hon. C. Darnell Jones,[3] Philadelphia Traffic Court, and the Hon. Bernice DeAngelis, alleging civil rights violations under 42 U.S.C. § 1983.

The judicial Defendants – the First Judicial District, Judges Jones, Massiah-Jackson, and

---

[2]Lynch is not the registered owner of the 1990 Chevrolet Lumina towed on June 19, 2007, or the Chevrolet Geo towed on October 15, 2007.  Lynch only has standing to assert a claim for property he owns.  *See United States v. One 1973 Rolls Royce, V.I.N. SRH-16266 By and Through Goodman*, 43 F.3d 794, 806 n.8 (3d Cir. 1994).  Lynch is the registered owner of the 1973 Ford tow truck.

[3]The Hon. C. Darnell Jones is now a colleague on the Eastern District bench.  The Court believes the demands of justice and judicial economy outweigh any perception of conflict.  A judge is presumed to be impartial.  *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). The decision to recuse or disqualify "is committed to the sound discretion of the trial judge." *Id.*  The test for creation of apparent bias sufficient to require dismissal under 28 U.S.C. § 455(a) is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).  Recusal is only required when the bias is "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).  There is "as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir. 1991)(stating when there is no reasonable basis to question a judge's impartiality, it would be improper for the judge to recuse).  The Court has no discretion to exercise with regard to Judge Jones's liability in this case because the law is irrefutable as to his immunity.  Therefore, no reasonable person could question the Court's impartiality.

DeAngelis, and the Philadelphia Traffic Court – filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The Philadelphia Parking Authority, joined by the police officer Defendants Quinn, Melody, and Felice, filed a Motion to Dismiss pursuant to Rule 12(b)(6).

**DISCUSSION**

The standard is "the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006). Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted). A complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations, alterations, and internal quotation marks omitted).

The judicial Defendants argue they are entitled to immunity under the Eleventh Amendment, which provides states with immunity not only from suits brought by citizens of other states, but also

from suits brought by their own citizens.[4]  *Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-46 (1993) (declaring the Eleventh Amendment a "fundamental constitutional protection . . . rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity . . . [and] respect owed them as members of the federation"); *Koslow v. Pennsylvania*, 302 F.3d 161, 167-68 (3d Cir. 2002).  By statute, Pennsylvania has withheld consent to be sued.  *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

The judicial Defendants are Commonwealth entities because the courts are part of the unified judicial system subject to the control of the state Supreme Court.  *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005).  Even when judicial defendants are funded locally, as is Philadelphia Traffic Court, "they are not persons within section 1983."  *Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000).  When the judicial Defendants act legislatively, as they did in adopting Live Stop, they are entitled to legislative immunity.  *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 776-77 (3d Cir. 2000).

The First Judicial District, its judge and former judge, and the Traffic Court and its judge, are entitled to immunity under the Eleventh Amendment, are not persons for § 1983 purposes, and are entitled to legislative immunity.  Thus, none of Lynch's allegations against the judicial Defendants survive the instant Rule 12(b) Motion to Dismiss.

---

[4]The Eleventh Amendment provides:
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Parking Authority and the three police officers argue Lynch's claim against them for towing the 1993 Ford truck is precluded by his unsuccessful litigation in state court. In that litigation, Lynch brought an action in replevin for the return of the truck. The court granted the Authority's preliminary objections and terminated the case. *Lynch v. Phila. Parking Auth.*, No. 03908, June Term 2007 (Phila. Ct. of Comm. Pleas, Feb. 5, 2008).

The doctrine of claim preclusion is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes." *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir. 1990). Issue preclusion prevents questions of law or issues of fact, which have been previously litigated and adjudicated in a court of competent jurisdiction, from being relitigated in a subsequent suit. *Erie Ins. Exch. v. Muff*, 851 A.2d 919, 931 (Pa. Super. Ct. 2004). The party asserting issue preclusion bears the burden of proving its applicability to the case at hand. *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 147 (3d Cir. 2007).

This Court applies the same preclusion rules as those of the state in which it sits, Pennsylvania. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). Under Pennsylvania law, issue preclusion applies when the issue "was identical, there was a final judgment on the merits, the party against whom the plea is asserted was a party . . . to the prior adjudication, and the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the prior adjudication." *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 435 (2001).

In this case, the issue – the allegation Lynch's truck was wrongfully towed – is identical and the parties are the same. The only question remaining is whether Lynch had a "full and fair opportunity to litigate the issue in the prior action." *Id.* The Supreme Court has not defined what constitutes a full and fair opportunity to litigate an issue. The Third Circuit has held that a full and

fair opportunity "will be presumed whenever state proceedings . . . satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Rider v. Pennsylvania,* 850 F.2d 982, 991 (3d Cir.1988) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982)). The requirement for an opportunity to litigate does "not require that the issue must have been thoroughly litigated." *United States v. Gardner Steel Corp.,* 587 F. Supp. 1486, 1489-90 (W.D. Pa. 1984). The litigation of a "Replevin Action to final judgment bars subsequent claims." *Breiner v. Litwhiler*, 245 F. Supp. 2d 614, 628 (M.D. Pa. 2003), *aff'd*, 98 Fed. Appx. 75, 77 (March 23, 2004 3d Cir. 2004).

Lynch has already litigated the towing of the 1973 Ford tow truck with the remaining Defendants, the Parking Authority,[5] and the three individual police officers. The replevin action afforded Lynch a full and fair opportunity to assert his claim that his truck was wrongfully towed. The issue is precluded; he may not reassert that claim under the guise of a § 1983 action. To bring an action under § 1983, a plaintiff must establish (1) the deprivation of a constitutional right, and (2) the conduct which allegedly caused the deprivation is attributable to state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-38 (1982). Federal courts must give preclusive effect to state court judgments in subsequent § 1983 actions. *Ivy Club v. Edwards*, 943 F.2d 270, 280 (3d Cir. 1991).[6] Because the state court held Lynch was not wrongfully deprived of his tow truck, his § 1983

---

[5]In a decision filed 10 days after the Parking Authority filed its brief, the Pennsylvania Supreme Court held the Parking Authority was a state agency with regard to the regulation of taxicabs, but declined to decide whether it was for all purposes. *Blount v. Phila. Parking Auth.*, 965 A.2d 226, 234 (Pa. 2009).

[6]This case involves an *issue* determined by a state court; the Court has no reason to invoke the *Rooker-Feldman* bar to jurisdiction. The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The Supreme Court has confined the doctrine to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

claim his truck was unconstitutionally taken fails.

Lynch's objections to the Live Stop program also include a demand for prospective injunctive relief. Eleventh Amendment immunity is subject to three exceptions, one of which allows "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (invoking the doctrine of *Ex parte Young*, 209 U.S. 123 (1908)). A Court may enjoin "the official's future conduct, but not . . . award[] retroactive monetary relief. Under the theory of *Young*, such a suit would not be one against the State since the federal-law allegation would strip the state officer of his official authority." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 (1984).

To determine whether the *Ex parte Young* exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation and internal quotation marks omitted).

Lynch alleges the Live Stop program, particularly as applied to him, is an ongoing federal violation. Because the state courts and this Court have found no violation in the seizure of Lynch's vehicles, there is no ground for prospective relief.

Each of Lynch's claims fails to withstand the Rule 12(b) Motions to Dismiss. "When a

---

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 280 (2005). The alleged federal injury must be caused by the state court judgment itself. *Id. Rooker-Feldman* is not implicated simply because a party brings to federal court a matter it previously litigated in state court. *See Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 329 (3d Cir. 2000) (stating *Rooker-Feldman* is not a jurisdictional version of preclusion).

In his Complaint, Lynch asserts his injury, the deprivation of his property, was caused not by the state court judgment, but by the towing of his truck. As such, *Rooker-Feldman* is not implicated.

plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Lynch cannot overcome Eleventh Amendment immunity or issue preclusion by supplementing or clarifying his Complaint.  Therefore, amendment would be futile and this Court will dismiss the case.

      An appropriate order follows.